IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAULETTE FIELDS, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1756-K-BK |
| § | |
| DALLAS ISD, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution.

I.

On September 7, 2021, the Court issued a deficiency order, requiring Paulette Fields, who is proceeding *pro se,* to (1) file a complaint that meets the requirements of Federal Rule of Civil Procedure 8(a), (2) pay the $402.00 filing fee or file an amended motion for leave to proceed in forma pauperis on the AO 239 form with complete explanations and supporting information, and (3) register to use the Court's electronic filing system. Doc. 6. Fields subsequently registered for electronic filing but did not otherwise comply with the Court's deficiency order. Thus, in the interest of justice, the Court entered a second deficiency order extending, *sua sponte*, the deadline to comply to November 13, 2021. Doc. 9. As of the date of this recommendation, however, Fields has again failed to respond to the Court's deficiency order or seek an extension of time to do so.

Fields appears to complain of employment discrimination. In her complaint, she alleges *in toto*:

> I was terminated from my job as Library Assistant, because of my age and not given an opportunity to get another job even though their were several job I was qualified for.
>
> Principal ask me, when I was going to "retire" and would not consider me for the other job openings. I applied for many positions in Dallas ISD, as well as attended all job fairs and never receive any response to this day.

Doc. 3 at 1 (errors in original).

Fields does not identify a jurisdictional basis on the *Civil Cover Sheet*, but, in the nature-of-suit and cause-of-action sections, she checks the civil rights employment box and alleges "age discrimination." Doc. 3 at 2. Thus, without additional information, the Court cannot ascertain whether the dismissal of this action will result in Fields being precluded from pursuing an employment discrimination claim due to limitations. That notwithstanding, dismissal is appropriate even applying a higher standard of review.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

When a litigant may be barred by the statute of limitations from re-asserting her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th

Cir. 1992) (concluding that where limitations prevents or arguably may prevent further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Although '[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'" (internal quotations and quoted cases omitted)).

    Here, the Court finds that there is a clear record of purposeful delay or contumacious conduct by Fields. This case has been pending for more than three months and despite two extensions, Fields has failed to comply with the Court's orders to file an amended complaint that meets the minimum pleading requirements of FED. R. CIV. P. 8(a) and pay the $400.00 filing fee or file a completed form-motion to proceed *in forma pauperis*. Since Fields is representing herself, the delay caused by her implied refusal to comply is attributable to her alone. *See Berry*, 975 F.2d at 1191. Moreover, considering her failure to file an amended complaint and pay the filing fee or file a proper *in forma pauperis* motion, no lesser sanction will prompt diligent prosecution of this case. Indeed, the case cannot proceed absent a sufficient complaint and either the filing fee or a proper motion to proceed *in forma pauperis*. Thus, the Court should exercise

3

its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Fields' claims. *See Nottingham*, 837 F.3d at 441 (holding court did not abuse its discretion in applying higher standard of review and dismissing *pro se* civil rights action due to plaintiff's intentional noncompliance with court orders); *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (same as to habeas petition).

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution. *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on November 30, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).